Treat *v.* Shoninger Melodeon Company.

———◆◆———

JOHN L. TREAT AND OTHERS *vs.* THE SHONINGER MELODÉON COMPANY.

*T. L. & Co.*, a manufacturing firm, sold to the *S. M. Co.* their factory and the good will of their business, the latter being a large part of the consideration for the price paid, and gave them a bond that no member of their firm should engage in the same manufacture any where in this country for twenty-five years without the consént of the *S. M. Co.*, reserving the right of being employed by other parties on a salary, provided they should not be interested nor their names used in the business. Six months afterwards a new company was organized for the purpose of carrying on the same manufacture in the same town, *T*, one of the firm of *T. L. & Co.*, entering into their employment on a salary, superintending the construction of their factory, ordering their machinery, purchasing stock, and rendering various other services, including the carrying on of a portion of their correspondence. The new company soon became competitors in business with the *S. M. Co.*, who suffered damage by the loss of skilled workmen who left their employment for that of the new company, and by the loss of customers, who were induced by the new company to purchase their goods in preference to those of the *S. M. Co.* ; but it did not appear that these results were attributable to any act of *T. L. & Co.*, or of *T.*, or that the *S. M. Co.* had suffered damage from any thing that *T* had done in the service of the new company. Held, on a bill brought by *T. L. & Co.* to foreclose a mortgage given to secure the price of the factory and business sold by them, that the *S. M. Co.* was not entitled to an allowance of damages for a breach of the bond.

BILL for a foreclosure, brought to the Superior Court in New Haven county and tried before *Granger, J.* The facts were found by a committee. Decree for petitioners, and motion in error by the respondents. The case is sufficiently stated in the opinion.

*J. S. Beach* and *Wright,* for the plaintiffs in error.

*Doolittle* and *Bronson,* for the defendants in error.

PARK, J.   On the seventh day of October, 1866, the peti-
tioners were engaged in the manufacture of melodeons in the
city of New Haven.   On that day they sold to the respond-
ents their manufacturing establishment, together with their
tools, furniture, stock on hand, melodeons finished and unfin-
ished, and the good will of the business, for the sum of $80,-
000, and executed to the respondents a bond in the sum of
$10,000, conditioned that neither of the members of the firm
of Treat, Linsley & Co. should engage in the manufacture
of melodeons, either directly or indirectly, any where in the
United States, for the term of twenty-five years, without the
consent of the respondents, but that the bond should not be
so construed as to prevent either of the members of the pe-
titioners' firm from being employed by the day or on a salary
by other parties, provided they should not be interested in
the business of manufacturing melodeons, nor their names
used in connection therewith.

The remaining facts of the case in reference to the ques-
tions at issue reported by the committee, are as follows :—

" The good will of the melodeon business constituted a
large part of the consideration for which the respondents
agreed to pay the sum of eighty thousand dollars.   In April,
1867, the New Haven Melodeon Company, a joint-stock cor-
poration, was organized for the purpose of conducting in
New Haven the business of manufacturing melodeons, and
soon became, and has ever since been, a competitor in busi-
ness with the respondents.   Soon after the corporation was
organized, the petitioner Treat entered into its employment,
upon an agreement that he was to be paid at the rate of $1,-
500 per year for his services ; and since that time he has de-
voted from one-half to two-thirds of his time to the service of
the corporation.   He superintended the construction of the
new factory of the corporation in the spring of 1867, that ser-
vice being the first service rendered by him to the corpora-

tion; and he has ordered machinery, purchased stock, and rendered various other services in behalf of the corporation, including the carrying on of its correspondence to a small extent. All of these services have been so rendered by said Treat without the consent of the respondents. The respondents have suffered embarrassment and damage by the loss of skilled workmen, who, of their own accord and without the procurement or solicitation of the petitioners, left the employment of the respondents and entered into the employment of the new corporation. The respondents have also suffered damage by the loss of customers, whom they would have retained or had, but for the fact that the new corporation induced many such customers to buy their goods instead of buying them of the respondents. But the petitioners have not aided, and it has not been a part of the service of said Treat with said new corporation to aid, in inducing customers to purchase goods of said new corporation, in preference to purchasing the same of the respondents; and it does not appear, and is not found, that the respondents have suffered damage from anything which said Treat has done in the service of said new corporation."

The respondents insist that all the damage they have sustained in the loss of customers and skilled workmen was owing to the employment of Treat in the New Haven Melodeon Co., and that the damages should be therefore applied in reduction or extinction, as the case may be, of the indebtedness due from the respondents to the petitioners. But the court below has found that all the loss the respondents have sustained in the particulars named was in consequence of the competition of the New Haven Melodeon Co., and was not in any respect due to the action of the petitioners, or of Treat in the employment of the new corporation.

This must be a sufficient answer to the claim of the respondents; for although there may have been a breach of the contract between the petitioners and the respondents in the sale of the good will of the petitioners' business, still, if the respondents have suffered no loss in consequence of the breach, there is nothing to deduct from the petitioners' claim.

The respondents strenuously endeavor to make it appear that the injury accrued in consequence of the acts of Treat in the employment of the new corporation. They say that the new corporation was merely the means by which he inflicted the injury ; that he created the corporation, inspired it with life, managed its affairs, and rendered it capable of destroying to a great extent the respondents' business, as it did. If this is true then the finding of the court below is wrong. But we must take the facts as they come to us ; and we think it clearly appears that there are no damages that can be deducted from the petitioners' claim.

There is no error in the judgment complained of.

In this opinion the other judges concurred.